UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANI ANNE LANGFORD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 19cv1821-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**[ECF No. 3]** |

Plaintiff initiated the instant litigation on September 22, 2019, when she filed a complaint against Defendant appealing the decision denying Plaintiff benefits. ECF No. 1. On the same date, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 3. Plaintiff was notified that his case was assigned to Magistrate Judge Barbara L. Major pursuant to General Order 707. ECF No. 2. Attached to the notice was a consent/declination form through which Plaintiff had the choice to consent or decline magistrate jurisdiction. Id. On October 8, 2019, Plaintiff filed her consent to magistrate judge jurisdiction. ECF No. 5. For the reasons set forth below, this Court **DENIES** Plaintiff's motion to proceed IFP.

### **MOTION TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. 28 U.S.C.

1

§ 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therfor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therfor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . still be unable to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . , the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff fails to satisfy her burden of demonstrating that she is entitled to IFP status. Plaintiff submitted her application to proceed IFP, stating that she makes $19.42 per hour and

works 40 hours per week. ECF No. 3 at 1. Plaintiff reports that she has three dependents who rely on her for support, ages fourteen, fifteen, and seventeen, and that she has $0 in her checking account after bills. Id. However, Plaintiff also reports that she has $17,000 in her savings and when listing other sources of income, Plaintiff states that her husband owns a UPS store and his estimated annual income is $56,873. Id. at 1–2. In addition, though Plaintiff makes a car payment of $440 per month, she also owns two separate vehicles valued at $3,000 and $6,000. Id. After reviewing Plaintiff's financial background, the Court finds that IFP status is not appropriate, because Plaintiff has the resources to pay the filing fee by making acceptable sacrifices to other expenses. Allen, 1995 WL 396860 at *2; see also McCollough v. Colvin, 2016 WL 9458801, at *1 (S.D. Cal. May 19, 2016) (denying IFP status where Plaintiff had $495.22 in his checking account, $4881.30 in a money market, and was both unemployed and living with family). Accordingly, Plaintiff's motion to proceed IFP is **DENIED**.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to proceed IFP. Plaintiff must pay the filing fee as required by 28 U.S.C. § 1914(a) no later than **November 17, 2019** or her case will be dismissed.

**IT IS SO ORDERED**.

Dated: 10/22/2019

Hon. Barbara L. Major
United States Magistrate Judge